IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONIAL FAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-219-KAJ |
| | ) |
| BERNITA EARLE, PAUL HOWARD, | ) |
| and PATRICK RYAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Donial Fayson ("Fayson"), SBI # 463713, is a <u>pro se</u> litigant who is presently incarcerated at the Baylor Women's Correctional Institution ("BWCI") in New Castle, Delaware. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.

**I. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether Fayson is eligible for pauper status. The Court granted Fayson leave to proceed <u>in forma pauperis</u> on April 27, 2004, assessed $26.38 as an initial partial filing fee, and ordered her to file an Authorization Form within thirty days, or the Complaint would be dismissed. Fayson filed the Authorization Form on June 3, 2004.

Once the pauper determination is made, the Court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the Court finds Fayson's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A).  Accordingly, the Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the Court to dismiss an in forma pauperis complaint at any time, if the Court finds the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the Court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

conclusion but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id. For the reasons discussed below, Fayson's claim against Howard has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). Similarly, as currently presented, Fayson's First Amendment claim against Earle and Ryan has no arguable basis in law or in fact, and shall be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II. DISCUSSION

### A. The Complaint

Fayson filed this complaint on April 9, 2004, and has named the following Defendants: Chaplain Bernita Earle ("Earle"), Paul Howard ("Howard") and Patrick Ryan ("Ryan"). Fayson alleges that Earle "has denied me my first amendment rights to practice my religion." (D.I. 2 at 3) Fayson further alleges that Earle told Fayson that "Ryan is the one who makes the decisions and that he has made the decision to prohibit me to practice my religion correctly with proper teaching [sic]." (Id.) Fayson requests that the Court order the Department of Correction to "cover all expenses pertaining to this case." (Id. at 4) She further requests that the Court issue an order allowing her to be "taught correctly by [her] religious advisor," and enjoining the

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

Defendants from engaging in any further religious discrimination. (Id.) On April 9, 2004, Fayson filed a Motion for Appointment of Counsel. (D.I. 3) Because the Court finds that Fayson's complaint is frivolous, her Motion for Appointment of Counsel shall be denied as moot.

### B. Analysis

#### 1. Vicarious Liability

Fayson doesn't raise any specific allegations regarding Howard in her Complaint. To the extent that Fayson is attempting to hold Howard vicariously liable for the actions of Earle and Ryan, her claim must fail. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Dep't. of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

In this case, Fayson merely names Howard as the "Bureau Chief," indicating that she would hold him liable simply because of his supervisory position. (D.I. 2 at 3) Nothing in the complaint indicates that Howard was the "driving force [behind]" the actions of either Earle or Ryan, or that he was aware of Fayson's allegations and remained "deliberately indifferent" to her plight. Sample v. Diecks, 885 F.2d at 1118. Consequently, Fayson's vicarious liability claim against Howard has no arguable basis in law or in fact. Therefore, Fayson's vicarious liability claim against Howard is frivolous

and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### 2. Fayson's First Amendment Claim

To the extent that Fayson is attempting to raise a First Amendment claim against Earle and Ryan, her claim as presented, must also fail. Specifically, Fayson has failed even to provide a "short and plain statement" of how Earle and Ryan have violated her constitutional rights. Fed. R. Civ. P. 8(a). Pro se plaintiffs are not held to a heightened pleading requirement when filing civil rights complaints. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). However, in this instance, Fayson's complaint "lack[s] enough detail to ... serv[e] its function as a guide to discovery." Alston v. Parker, 363 F.3d at 253 (internal citations omitted). As currently presented, Fayson's claim against Earle and Ryan has no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. Therefore, Fayson's claim against Earle and Ryan is frivolous and shall be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### C. Conclusion

For the foregoing reasons IT IS HEREBY ORDERED that:

1. Fayson's Motion for Appointment of Counsel (D.I. 3) is denied as moot.

2. Fayson's vicarious liability claim against Howard is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

3. Fayson's First Amendment Claim against Earle and Ryan is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

4. Fayson is granted leave to amend the complaint regarding this claim within

thirty (30) days from the date of this Memorandum Order. See <u>Alston v. Parker</u>, 363 F.3d at 253.

    5. The Clerk shall mail a copy of the Court's Memorandum Order to Fayson.

IT IS SO ORDERED.

DATED: March 31, 2005

_____
United States District Judge