IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONIAL FAYSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-219-KAJ |
| | ) |
| | ) |
| BERNITA EARLE, PAUL HOWARD, | ) |
| and PATRICK RYAN, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**STATEMENT OF FACTS**

1.  Plaintiff Donial Fayson ("Plaintiff" or "Fayson") is an inmate at Baylor Women's Correctional Institution ("BWCI"). Fayson is appearing *pro se* in this litigation and proceeding *in forma pauperis*.

2.  On April 7, 2004, Fayson filed a Complaint (D.I. 2) against Defendants Bernita Earle, Chaplain of BWCI ("Earle"), Paul Howard, Bureau of Prisons Chief ("Howard"), and Patrick Ryan, Warden of BWCI ("Ryan" and together with Earle and Howard, the "Defendants").

3.  On March 31, 2005, this Court dismissed Fayson's Complaint finding that the claims made against the Defendants had no arguable basis in law or in fact (D.I. 11 at 4-5). The Court, however, granted Fayson leave to file an amended complaint.

4. Less than thirty (30) days after the Court dismissed the Complaint, on April 12, 2005, Fayson filed an amended complaint (the "First Amended Complaint") (D.I. 12). The First Amended Complaint was amended again on April 29, 2005 (the "Second Amended Complaint" and together with the First Amended Complaint, the "Amended Complaints") (D.I. 13).

5. On January 30, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") (D.I. 22) and a Memorandum of Points and Authorities in Support of the Motion to Dismiss (the "Opening Brief") (D.I. 23). Almost four months later Fayson filed a Response to the Motion (the "Response") (D.I. 25). This is the Defendants' Reply Memorandum of Points and Authorities in Support of the Motion to Dismiss (the "Reply").

## MEMORANDUM OF LAW

The Defendants' Motion to Dismiss should be granted as it is clear that the facts in Fayson's Amended Complaints, even if true, fail to support a claim upon which relief can be granted. First, it is evident that the Defendants have attempted to accommodate Fayson's religious needs and have not violated her First Amendment rights. Second, the Defendants have not treated Fayson different from other inmates who practice their religious faith. Therefore her equal protection claims should be dismissed. Finally, the Defendants are immune from liability for Plaintiff's claims. Therefore the Motion to Dismiss should be granted and Plaintiff's claims dismissed for failure to state a claim.

I.  **Fayson's Allegations Do Not Support Her Claims That The Defendants Violated Her First Amendment Rights.**

Fayson's allegations do not support her claims that her First Amendment rights have been violated. In fact, Fayson's Response makes clear that the Defendants have attempted to accommodate Fayson's religious needs yet she remains dissatisfied. Defendants' refusal to meet Fayson's unreasonable demands should not form the basis for a constitutional violation. Therefore the Amended Complaints should be dismissed.

   **A. Fayson admits that the Defendants have attempted to accommodate her religious needs.**

Fayson's Amended Complaints allege that the Defendants have denied her access to her religion. But Fayson admits numerous times in her Response that the Defendants have attempted to accommodate her religious needs. The first paragraph of Fayson's Response clearly states that, "In April 2003 an Islamic class began here at BWCI." (Response at 1, ¶1). Fayson further adds that "a class was put in place for the month of Rammaddan so that we could meet together…." (Response at 2, ¶7). Moreover Fayson admits that Mr. Chaudry, a Muslim instructor, was retained to provide instruction for the inmates. (Response at 3, ¶11). Finally, Fayson states that "BWCI's visitor logs prove that Ismaaeel [Fayson's religious advisor] is visiting with different inmates once a week." (Response at 5). Therefore Fayson concedes that the Defendants have attempted to accommodate her religious needs.

Despite the Defendants' attempts to meet Fayson's religious needs, Fayson continues to complain and make unreasonable demands. In her Response Fayson states that an Islamic prayer study group was set up but that she refused to participate. (Response at 4, ¶15). She further indicates that she did not want to continue class

because she did not have a teacher. Instead Fayson demanded that she receive "extended time on my pastoral visits…." (Response at 4, ¶15).

Fayson is an inmate who cannot be satisfied. Rather she wants her demands met and she wants them met immediately. But the Defendants' refusal to meet each and every one of Fayson's demands does not amount to a constitutional violation. Defendants have provided Fayson ample time and opportunity to practice her religious beliefs. Therefore Fayson's claims should be dismissed.

In addition to her many demands, Fayson continues to assert that Ismaa'eel should be the teacher at the facility. She states in her Response, "I just would like for **my** teacher to be consistent with the religion and not cause a substantial burden on the Muslim community." (Response at 7) (emphasis added). But Fayson is not entitled to the clergy of her choosing. *McClaflin v. Pearce*, 743 F.Supp 1381, 1384 (D.Or. 1990) (holding that "An inmate does not have the right under the Free Exercise Clause to have the particular clergyman of his choice provided to him."). Moreover Ismaa'eel's failure to pass security clearance prohibits her entrance into the Gym/Chapel area of BWCI. *See, e.g. O'Lone v. Shabazz*, 482 U.S. 342, 350-51 (1987) (finding that institutional order and security are legitimate penal concerns). Therefore the Defendants are justified in denying Ismaa'eel total access to the institution.

The Defendants and BWCI have provided and continue to provide Fayson ample access to Muslim services and instruction. Moreover Fayson's unreasonable demands do not support a claim for violation of her constitutional rights. Therefore Fayson's claims should be dismissed.

> **B.    Fayson's belief that she must observe an Islamic diet is not sincere, therefore she cannot claim that she is entitled to constitutional protection.**

In her Response Fayson continues to assert that the Defendants have violated her First Amendment rights by failing to provide her with a Halal diet. But the Third Circuit holds that "'only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection.'" *Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003) (quoting *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000)). A review of Fayson's commissary sheets reflects that Fayson does not believe in following a Halal diet. She asserts in her Response that she does not eat meat that is not in accordance with her diet. (Response at 6). But her commissary purchases of Slim Jims, Beef Summer Sausage, Tuna in a Bag, and Hot Fish Steak clearly refute that assertion. (*See* Exhibit F to Defendants' Opening Brief).

Fayson clearly does not believe in following a Halal diet. Therefore she should not be entitled to claim that her rights are being violated by not receiving a Halal diet.

Further, the Defendants do not control the food that is served to the inmates. Rather the Bureau of Management Services is in charge of food preparation and distribution for the inmates. Therefore the Defendants do not have the ability to give Fayson a Halal diet and her claims have no basis in law or fact.

**II.    Fayson's Equal Protection Rights Have Not Been Violated.**

Fayson claims that the Defendants violated her equal protection rights by not permitting her to worship as often as those of the Christian faith and by denying her a Halal diet when a Jewish inmate receives a Kosher diet. But, "prison officials need not

provide exactly the same religious facilities or personnel to prisoners of every faith." *McClaflin*, 743 F.Supp. at 1384. Moreover Fayson's Response refutes her claim that she is being denied equal protection. Attached as Exhibit "J" to Fayson's Response is BWCI's schedule of worship services. The schedule clearly shows that BWCI is providing many different classes and services for inmates of different religious faiths. The schedule also shows that all services last between one (1) and two (2) hours. Finally, as Fayson admits in her Response, "All church services are open to anyone and are available several days a week." (Response at 5). Therefore Fayson is not treated differently than the other inmates and her equal protection claims should be dismissed.

### III.     The Defendants Are Immune From Liability For Plaintiff's Claims.

Finally Fayson cannot refute that the Defendants are entitled to immunity for Plaintiff's claims. To the extent Plaintiff's Amended Complaints name the Defendants in their official capacities the Defendants are immune from liability under the Eleventh Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 64 (1996). Consequently, this Court lacks jurisdiction over the Defendants in their official capacities, and the Defendants are outside the class of persons subject to liability under 42 *U.S.C.* § 1983.

Moreover, Plaintiff cannot maintain an action against the Defendants in their individual capacities pursuant to the doctrine of qualified immunity. Government officials performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In this case the Defendants did not violate

Fayson's constitutional rights.  Moreover the actions the Defendants took were conducted in good faith without negligence.  Therefore the Defendants are immune from liability for Fayson's claims.

WHEREFORE, the Defendants respectfully request that Plaintiff's Amended Complaints be dismissed for failure to state a claim upon which relief may be granted.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400

Attorney for Defendants

Dated: May 17, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on May 17, 2006, I caused a true and correct copy of the attached *Defendants' Reply Memorandum of Points and Authorities in Support of the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donial Fayson
SBI #463713
Baylor Women's Correctional Institution
660 Baylor Boulevard
New Castle, DE 19720

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400