IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONIAL FAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-219-KAJ |
| | ) | |
| | ) | Jury Trial Requested |
| BERNITA EARLE and PATRICK RYAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BERNITA EARLE AND PATRICK RYAN'S ANSWER TO THE FIRST AND SECOND AMENDED COMPLAINTS [RE: D.I. 12 AND 13]**

COMES NOW, State Defendants Bernita Earle and Patrick Ryan (the "Defendants")[1] by and through their undersigned counsel, and hereby respond to the unnumbered claims and allegations remaining from Plaintiff's First Amended Complaint (D.I. 12) and Second Amended Complaint (D.I. 13) (together the "Amended Complaints") as follows:

**ANSWER TO REMAINING CLAIMS**

On November 7, 2006, this Court issued a Memorandum Opinion and an Order granting the Defendants' Motion for Summary Judgment as to all of Plaintiff's claims except Plaintiff's *Halal* diet claims (D.I. 33 and 34, respectively). This is Defendants' response to Plaintiff's remaining *Halal* diet claims.

---

[1] Paul Howard was dismissed from the case by the Court's Memorandum Opinion dated November 7, 2006 (D.I. 33).

A.   **Halal Diet claims pursuant to RLUIPA**

The allegations of Plaintiff's Amended Complaints regarding her right to receive a *Halal* diet pursuant to the Religious Land Use and Institutionalized Persons Act of 2000, 42 *U.S.C.* § 2000cc ("RLUIPA") are denied. By way of further response, Defendants specifically deny that they violated Plaintiff's rights or committed any wrongdoing under RLUIPA.

B.   **Halal Diet claims pursuant to the First Amendment**

The allegations of Plaintiff's Amended Complaints regarding her right to receive a *Halal* diet pursuant to the First Amendment of the United States Constitution are denied. By way of further response, Defendants specifically deny that they violated Plaintiff's First Amendment rights or committed any wrongdoing.

C.   **Halal Diet claims pursuant to the equal protection guarantee of the Fourteenth Amendment**

The allegations of Plaintiff's Amended Complaints regarding her right to receive a *Halal* diet pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution are denied. By way of further response, Defendants specifically deny that they violated Plaintiff's Fourteenth Amendment rights or committed any wrongdoing.

In addition to the foregoing, Defendants deny each and every allegation remaining from Plaintiff's Amended Complaints not specifically admitted herein. By way of further response, Defendants specifically deny that they violated Plaintiff's Constitutional rights or committed any wrongdoing.

**RELIEF**

Defendants deny that Plaintiff is entitled to compensatory damages, nominal damages, punitive damages, injunctive relief or any other requested relief.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Amended Complaints fail to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against Defendants in their official capacities, Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

5. Officials and employees of the State of Delaware, including the Defendants, acting in good faith, within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

6. As to any claims sounding in state law, Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001, *et seq.*

7. To the extent the Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8.  This action and all claims are barred, in whole or in part, by the applicable statute of limitations or any other statutorily required administrative time requirement.

9.  Plaintiff has failed to exhaust her administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. Plaintiff's claims are barred by her contributory negligence.

12. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

13. Plaintiff fails to state a claim against Defendants for failure to train or for maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against Defendants for violation of RLUIPA.

15. Plaintiff fails to state a claim against Defendants for violation of the First Amendment.

16. Plaintiff fails to state a claim against Defendants for violation of the Fourteenth Amendment.

17. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

18. Plaintiff's own conduct proximately caused and/or exacerbated her injuries, if any.

19. Insufficiency of service of process.

20. Insufficiency of process.

21. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Amended Complaints in their entirety as to the Defendants; (ii) awarding Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
   Attorney for the Defendants

Dated: November 14, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on November 14, 2006, I caused a true and correct copy of the attached ***Defendants Bernita Earle And Patrick Ryan's Answer To The First And Second Amended Complaints [Re: D.I. 12 And 13]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donial Fayson
SBI #463713
Baylor Women's Correctional Institution
660 Baylor Boulevard
New Castle, DE 19720

**MANNER OF DELIVERY:**

☐ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

☐ Two true copies by Federal Express

☐ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400