**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONIAL FAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-219-*** |
| | ) | |
| | ) | Jury Trial Requested |
| BERNITA EARLE and PATRICK RYAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' COMBINED FIRST SET**
**OF INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), Defendants Bernita Earle and Patrick Ryan (the "Defendants") hereby propound to Plaintiff Donial Fayson ("Fayson" or "Plaintiff"), the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests" and, together with the Interrogatories, the "Discovery Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

**DEFINITIONS**

1.     "Defendants," shall mean Defendants Bernita Earle and Patrick Ryan.

2.     "Plaintiff," "you," or "your" shall mean plaintiff Donial Fayson.

3.     "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.      "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.      "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.      "BWCI" shall mean the Delores J. Baylor Women's Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of BWCI.

7.      "Person" refers to any individual, corporation, partnership, association or other entity.

8.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledger or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10.      The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11.     The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

12.     "Identify" when used with respect to a person means to provide the following information:

(a)          the name, telephone number, and residential address of the person; and

(b)          the name of the present employer, place of employment, business and job title of the person.

13.     "Identify" when used with respect to an entity means to provide the following information:

(a)          the name, telephone number and address of the entity; and

(b)          the name of the entity's owners, principals, officers, and/or partners.

14.     "Identify" when used with respect to a document means to provide the following information:

(a)          the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)          the date of the document;

(c)          the preparer and/or source of the document and all recipients of the document;

(d)          the substance in detail of the document; and

(e)          each person who now has custody, possession or control of the document.

15.    "Identify" when used with respect to a communication means to provide the following information:

(a)    the date of the communication;

(b)    whether the communication was oral or written;

(c)    any person who sent, received, or had knowledge of the communication;

(d)    the substance in detail of the communication; and

(e)    any document embodying the communication.

## **INSTRUCTIONS**

1.    Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.    If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.    Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after January 1, 2003.

4.    These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to your claim that the Defendants denied you a halal diet, state the following:

        a.      identify all facts that refute, relate to, or support your claim;

        b.      identify the specific behavior or conduct that you allege that each Defendant engaged in;

        c.      the names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof.

        d.      identify all documents that reflect, refer to or relate to any of the contentions or facts set forth in answer to subparagraph (a) hereof.

**RESPONSE:**

**INTERROGATORY NO. 2:**  Describe in detail:

a.        how the Defendants denied you a halal diet;

b.        the dates and times you claim the Defendants denied you a halal diet;

c.        the injuries you claim you suffered by being denied a halal diet by the Defendants; and

d.        identify any and all documents, including grievances, that describe the injuries you claim you suffered by being denied a halal diet by the Defendants.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegation that you were denied a halal diet including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify (a) every communication you have had with any Defendant concerning the allegation that you were denied a halal diet; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 5:**  Identify each document in your possession and control that relates to your allegation that you were denied a halal diet.

**RESPONSE:**

**INTERROGATORY NO. 6:**  If you allege that you filed an inmate grievance relating to your allegation that you were denied a halal diet, what date was said grievance filed on?   If your grievance was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Identify each document in your possession and control that relates to the injuries you allegedly sustained from allegedly being denied a halal diet.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify any individual you allege witnessed in any manner the Defendants denying you a halal diet.

**RESPONSE:**

**INTERROGATORY NO. 9:** Describe your current diet at BWCI including:

        a.       the foods you eat; and

        b.       how the foods you eat violate the requirements of Islam.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe in detail a halal diet, including the foods that you are required and/or permitted to eat and the foods you are not permitted to eat.

**RESPONSE:**

**INTERROGATORY NO. 11:** Is a halal diet a requirement of Islam? If so, describe how and why a halal diet is a requirement of Islam.

**RESPONSE:**

**INTERROGATORY NO. 12:** Does a meatless diet violate the requirements of Islam?  If so please state in detail how a meatless diet violates the requirements of Islam.

**RESPONSE:**

**INTERROGATORY NO. 13:** Describe in detail the daily, monthly and annual cost of eating a halal diet.

**RESPONSE:**

**INTERROGATORY NO. 14:** List all institutions, stores, manufacturers, suppliers, businesses, or other sources that supply, sell and/or provide foods that are permitted in a halal diet.

**RESPONSE:**

**INTERROGATORY NO. 15:** Describe in detail your contention that other inmates at BWCI receive a religious diet including:

        a.        the inmates you claim receive a religious diet;

        b.        the type of religious diet you claim the inmate receives; and

        c.        when and how often the inmate receives a religious diet.

**RESPONSE:**

**INTERROGATORY NO. 16:** Identify each document in your possession and control that relates to your allegation that other inmates at BWCI receive a religious diet.

**RESPONSE:**

**INTERROGATORY NO. 17:** If you allege that you filed an inmate grievance relating to your allegation that other inmates at BWCI receive a religious diet, what date was said grievance filed on?  If your grievance was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 18:** Describe in detail:

       a.      the aspects of Islam you are permitted to practice at BWCI;

       b.      the religious holidays and/or feasts you are permitted to observe and/or celebrate and when you are permitted to observe and/or celebrate these religious holidays and feasts;

       c.      the books and other materials you are permitted to read at BWCI that relate to Islam; and

       d.      the Islamic classes and/or meetings you are permitted to attend, whether you attend such classes and/or meetings, when you attend such classes and/or meetings and how often such classes and/or meetings are held.

**RESPONSE:**

**INTERROGATORY NO. 19:** Identify all of your criminal convictions in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

**INTERROGATORY NO. 20:** Identify all employment you have had in the past 15 years, including the name and address of each employer, name of each supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

**INTERROGATORY NO. 21:** State the relief you are seeking, total amount of damages you are claiming, if any, and the computation used to arrive at the sum.

**RESPONSE:**

**INTERROGATORY NO. 22:** Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**RESPONSE:**

**INTERROGATORY NO. 23:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 24:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**     All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 2:**     All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 3:**     Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following January 1, 2003, which detail any injury you claim you suffered as a result of being denied a halal diet.

**RESPONSE:**

**REQUEST NO. 4:**    All sick call slips you filed referring or relating to the injuries you claim you suffered as a result of allegedly being denied a halal diet.

**RESPONSE:**

**REQUEST NO. 5:**    All grievances you filed referring or relating to your allegation that you were denied a halal diet.

**RESPONSE:**

**REQUEST NO. 6:**    Any and all documents which comprise any diary, journal, log, or other written account of the injuries you claim you suffered as a result of your allegation that you were denied a halal diet or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries or claims which pre-exist your incarceration.

**RESPONSE:**

**REQUEST NO. 7:**    Any and all documents in which you claim Warden Ryan, a BWCI employee, or a DOC employee told you that a halal diet was not in the budget.

**RESPONSE:**

**REQUEST NO. 8:**    Any and all documents describing and detailing the foods you are and are not permitted to eat in a halal diet.

**RESPONSE:**

**REQUEST NO. 9:**    Any and all documents describing and detailing your reasons for following a halal diet.

**RESPONSE:**

**REQUEST NO. 10:**  Any and all documents describing and detailing how a halal diet is a requirement of Islam.

**RESPONSE:**

**REQUEST NO. 11:**  Any and all documents describing and detailing how a meatless diet violates the requirements of Islam.

**RESPONSE:**

**REQUEST NO. 12:**  Any and all documents describing and detailing the daily, monthly and annual cost of eating a halal diet.

**RESPONSE:**

**REQUEST NO. 13:**  Any and all documents listing or providing names and addresses of all institutions, stores, manufacturers, suppliers, businesses, or other sources that supply, sell and/or provide foods permitted in a halal diet.

**RESPONSE:**

**REQUEST NO. 14:**  Any and all documents that describe the religious diets inmates receive at BWCI.

**RESPONSE:**

**REQUEST NO. 15:**  All grievances you filed referring or relating to your allegation that other inmates at BWCI receive a religious diet.

**RESPONSE:**

**REQUEST NO. 16:** Any and all documents that describe and detail the cost of the religious diets inmates receive at BWCI.

**RESPONSE:**

**REQUEST NO. 17:** With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

a.      all documents provided to or reviewed by the expert;

b.      a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

c.      all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

d.      all documents upon which the expert's findings, conclusions and/or opinions are based; and

e.      all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

**REQUEST NO. 18:**  All documents that you intend to introduce into evidence at the trial of this action.

**RESPONSE:**


DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
           Attorney for the Defendants

Dated: April 19, 2007

# <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on April 19, 2007, I caused a true and correct copy of the attached *Defendants' Combined First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Donial Fayson
SBI #463713
Baylor Women's Correctional Institution
660 Baylor Boulevard
New Castle, DE 19720

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400